FILED

99 FEB 10 PM 4:01

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

FEB 10 1999

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BILLY W. NEELY, et ux., | } | |
| | } | |
| Plaintiffs | } | |
| | } | CIVIL ACTION NO. |
| v. | } | |
| | } | 98-AR-2528-S |
| CITY OF BIRMINGHAM, et al., | } | |
| | } | |
| Defendants | } | |

**MEMORANDUM OPINION**

Plaintiff, Billy W. Neely ("Neely"), and his spouse, Martha Neely, filed their original complaint in the Circuit Court of Jefferson County, Alabama, against defendants, City of Birmingham ("the City"), William L. Blakley ("Blakley"), John D. Bishop ("Bishop"), Sears Roebuck and Co. ("Sears"), and a large number of fictitious parties. Fictitious parties are permitted under Alabama procedural rules. They are ignored in this court.

The complaint contains eight counts, only one of which, Count Four, undertakes to state a claim based on federal law, namely, 42 U.S.C. § 1983. Count Four is not aimed at Sears but at the other three defendants. The other seven counts are tort claims brought under Alabama law, i.e., false imprisonment, malicious prosecution, assault and battery, negligence (only aimed at Sears), wantonness (only aimed at Sears), intentional infliction of emotional distress and outrage. The City timely removed the case to this court before the other

1



defendants had been served. The removal was based on the existence of the federal question contained in Court Four. The City asserts supplementary jurisdiction over the state law claims.

There is no doubt about the fact that all eight claims arise out of a single transaction or event. Neely was arrested by Bishop and Blakley in a Sears store. On that occasion, Bishop and Blakley were City police officers conducting surveillance within the Sears men's room. The two officers arrested Neely and charged him with indecent exposure and harassment, offenses which, if proven, would constitute violations of City ordinances. Two misdemeanor cases against Neely were subsequently dismissed, precipitating Neely's present suit and his spouse's derivative claims.

None of defendants joined the City in its notice of removal, but Bishop and Sears have answered the complaint in this court. Blakley still has not been served. Presently before the court is plaintiffs' motion to remand. Unless remanded, the action as against Blakley, is subject to dismissal under Rule 4(m), F.R.Civ.P.

Neither Bishop nor Sears takes a position as to whether the court should grant or deny plaintiffs' motion to remand. The City opposes remand on the basis of *In re City of Mobile,* 75 F.3d 605 (11th Cir. 1996). In *Reneau v. Oakwood Mobile Homes*, 952 F.Supp. 724 (N.D. Ala. 1997), this court readily acknowledges the binding effect of *City of Mobile*, but points out a jurisdictional problem that is also present in the instant case. The City asserts that under *City of Mobile* the court cannot remand Count Four, and, to the extent that it has

2

discretion, should exercise that discretion to retain jurisdiction over the state law claims. What are the effects of 28 U.S.C. § 1441(c) and/or 28 U.S.C. § 1367 (a) and (c) on the jurisdiction of this court under the procedural facts of this case? This court finds the answer in *Reneau,* a case the parties did not cite but which the court will follow without here repeating its rationale. Applying that rationale, the state law claims will, by separate order, be remanded and the § 1983 claim retained.

The gist of *Reneau* is that "original" jurisdiction and "supplemental" jurisdiction are entirely different things. Under § 1441(a) only a civil action over which this court has "original" jurisdiction (and not "supplemental" jurisdiction) can be removed. Section 1443, which the City alternatively invokes in its notice of removal, does not expand the opportunity for removing ancillary claims. Non-removable claims cannot be appended to a federal claim <u>unless</u> those otherwise non-removable claims are <u>separate from and independent of</u> the federal claims. In the case at hand, the state law claims are not separate and independent of the § 1983 claim.

To the extent § 1367(a) and (c) may apply, the state law claims predominate over the § 1983 claim that does not even target Sears.

DONE this 10th day of February, 1999.

/s/ William M. Acker
_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

3